# United States District Court

**ORIGINAL**

NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
U.S.D.C. Atlanta
MAY 21 2012
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

warrant issued

UNITED STATES OF AMERICA
v.

REX ANYANWU

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:12-MJ-674

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Beginning by at least March 2, 2009, and continuing until at least April 26, 2012, in the Northern District of Georgia defendant

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others, to violate Title 18, United States Code, Section 1546, that is, the defendant and others conspired to knowingly make under oath and, as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribe as true, statements they knew to be false with respect to material facts in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and to knowingly present any such application, affidavit and other document which contained such false statements and which failed to contain any reasonable basis in law and fact; and

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others, to violate Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (B)(ii), for the purpose of commercial advantage and private financial gain, that is, the defendant and others encouraged and induced aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)

all in violation of Title 18, United States Code, Sections 371 and 1546 and Title 8, United States Code, Section 1324.

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    (x) Yes ( ) No

_____
Signature of Complainant
SPECIAL AGENT KEVIN HEERLEIN

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

May 21, 2012                                            at    Atlanta, Georgia
Date                                                          City and State

Russell G. Vineyard
United States Magistrate Judge                                _____
Name and Title of Judicial Officer                            Signature of Judicial Officer
SAUSA Sirce E. Owen

## AFFIDAVIT OF KEVIN HEERLEIN

I, Kevin Heerlein, being duly sworn, state the following:

**Introduction**

(1) I am a Special Agent (SA) of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed by HSI and one of its legacy agencies, the Immigration and Naturalization Service (INS), since 1994. As part of my official duties, I investigate violations of the Immigration and Nationality Act (INA), customs laws and related criminal statutes.

(2) I am submitting this affidavit in support of a complaint for the arrest of Rex ANYANWU for violations of federal laws, including, but not limited to: Title 18, United States Code, Section 1546 (Visa Fraud); and Title 8, United States Code, Section 1324 (Alien Smuggling).

(3) A cursory review of the alien files discovered as part of this investigation have revealed at least thirty instances of suspected fraud involving fraudulent or "sham" marriages being arranged by Rex ANYANWU. These files have also been determined to contain fraudulent supporting documents for these marriages.

(4) The facts set forth in this affidavit are known to me as a result of my participation in this investigation, statements of witnesses, and information supplied to me by other Immigration Officers and law enforcement officers. In this affidavit, I have set forth only the facts I believe necessary to establish probable cause to show violations of Title 18, United States Code, Section 1546, and Title 8 United States Code, Section 1324. This affidavit does not contain every fact that I have learned in this investigation.

**Background of Investigation**

(5) The investigation of Rex ANYANWU was predicated upon information received from United States Citizenship and Immigration Services (USCIS), Fraud Detection and National Security Unit (FDNS) in Atlanta, Georgia. Information provided to the Homeland Security Investigations (HSI) SAC Atlanta Document and Benefit Fraud Task Force (DBFTF) indicated that Rex Christopher ANYANWU was arranging fraudulent

1

(6) marriages to US citizens and providing fraudulent supporting documents to assist foreign born individuals to obtain Lawful Permanent Resident (LPR) Status in the United States.

(6) The initial cases discovered by USCIS FDNS involved a couple, RK and JM both natives and citizens of Kenya, who divorced and then married United States Citizens in order to obtain Lawful Permanent Resident Status in the United States. Record checks revealed that RK was listed to the same phone number and address as her ex-spouse, JM. RK and JM appeared to be joint owners of the home and had vehicles registered at the address.

(7) Based upon this information, USCIS FDNS conducted further investigation into the marriage of RK and her purported United States Citizen "spouse," TW. As supporting documentation for the I-130, Petition for Alien Relative, filed on behalf of RK by her "spouse" TW, a number of fraudulent documents were offered as evidence of a shared life (proof that a couple lives together as a married couple). The insurance policy, lease, Comcast bill, utility bill, and employment letter were determined to be fraudulent. Further record checks revealed that TW appeared to be living in Huntsville AL.

(8) USCIS FDNS conducted further investigation into the marriage of JM and hisr purported United States Citizen "spouse," RF. JM divorced RK on November 23, 2009, and married RF on March 12, 2010. At the interview for the I-130 petition filed by RF, a person claiming to be RF presented a fraudulent Georgia Driver's license. In addition, RF's employment letter was also fraudulent. FDNS Officer Skinner contacted RF, who stated that she did not attend any interview in Atlanta and did not file any papers for JM. RF admitted to being married to JM, but that she had not seen JM since April 4, 2010, and that she currently lived in Huntsville, AL. RF stated that she did not file or sign any documents contained in the alien file, nor did she work at the establishment described in the employment letter.

(9) On March 18, 2011, FDNS Officer Skinner met with an immigration attorney and his client, RK. At the interview, RK gave a sworn statement indicating that her marriage to United States Citizen TW was a "sham" marriage in order to get status, and that the marriage was arranged by a person she identified as "Rex". RK stated that she was charged $9,500 for "Rex's" services in arranging the fraudulent marriage and that TW received separate money from "Rex". RK stated that both parties signed documents that "Rex" prepared for mailing at the office. RK stated that "Rex" also gave them a 2nd

packet of the documents to be presented at the marriage interview. RK also indicated that her ex-spouse, who was also involved in a marriage fraud scheme using an imposter, used the services of "Rex". RK provided "Rex's" business card which contained the name "Rex C. Anyanwu."

(10) On February 10, 2012, HSI SA Heerlein and Schroeder interviewed a Cooperating Witness (CW), who is a native and citizen of Kenya. CW stated that the marriage to his/her United States Citizen (USC) petitioner on his/her I-130, Petition for Alien Relative, was pre-arranged. CW stated that on approximately March 22, 2010, he was married to the USC petitioner in Douglas County, Georgia. CW stated that he agreed to pay Rex ANYANWU $11,000 to arrange the marriage. CW stated that ANYANWU told him that the person he was getting married to had to be transported from Alabama. CW stated that he was there in the office when ANYANWU provided the employment letters, income tax returns and W-2's for the USC petitioner. CW stated that ANYANWU signed the employment letters (as the employer) for the USC petitioner. CW stated that he signed the I-485, but ANYANWU signed the I-864, Affidavit of Support, the I-130, and the G-325A, Biographic Form, as the USC petitioner (signed the USC petitioner's name). CW stated that he also filled out the G-325A, Biographic Form, for the USC petitioner, and ANYANWU signed the form as the USC petitioner. CW stated that prior to the USCIS interview, the USC petitioner could not be located, so ANYANWU gave him a letter purportedly from the USC petitioner stating that her mother was ill and she could not make the interview. CW stated that he did not know how much the USC petitioner was paid.

(11) On January 12, 2012, JN, a native and citizen of Kenya, and JW, the USC petitioner, appeared at the USCIS Atlanta District Office for a marriage interview based on the filing of an I-130, Petition for Alien Relative, and I-485, Application to Register Permanent Residence or Adjust Status. In support of the applications, fraudulent lease and DirecTV bills had been submitted. JN was interviewed and stated that she married JW on March 3, 2009. JN stated that she met JW through Rex (ANYANWU). JN paid Rex $7,700 to help her find someone to get married to in order to stay in the US. JN stated that Rex gave her the job letter (from JW'S purported employer) offered in support of the I-864.

(12)   Based on the foregoing evidence, I believe this is probable cause to support the issuance of a complaint against Rex ANYANWU for violation of several federal laws, including, but not limited to: Title 18, United States Code, Section 1546 (Visa Fraud); Title 8, United States Code, Section 1324 (Alien Smuggling); and Title 18 United States Code, Section 371 (Conspiracy).