```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION


UNITED STATES OF AMERICA      :
                              :       CRIMINAL ACTION
          v.                  :
                              :       NO: 1:12-CR-190-TWT-ECS-1
REX ANYANWU                   :
                              :
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on the motion to dismiss Counts One, Two, and 53-101, and to strike certain language in the indictment. [Doc. 50]. Defendant argues that Counts One and Two are barred because they were not brought within the applicable statute of limitations. [Id. at 10]. Defendant also argues that Counts One, Two, and apparently Counts 53 through 101, must be dismissed due to "the contradictory statements of fact set out in Counts One and Two as to the status of individuals Defendant has allegedly conspired with . . . ." [Id. at 12]. Finally, Defendant moves to strike certain language alluding to "fraudulent marriages" as surplusage. The government opposes the motion, arguing that all charges were brought within the statute of limitations, that the language of the indictment is sufficient as to all counts, and that

the references to marriage fraud are relevant to the charges and should not be stricken. [Doc. 59].

## II.
## The Indictment

Count One of the first superseding indictment charges Defendant with conspiracy to violate 18 U.S.C. § 1546, which prohibits fraud and misuse of visas, permits and other related documents. See [Doc. 35]. In particular, Count One alleges that Defendant, with others, "conspired to knowingly make under oath and, ... knowingly subscribe as true, statements they knew to be false with respect to material facts in applications, affidavits, and other documents required under the immigration laws and regulations ... and to knowingly present any such application, affidavit and other document which contained such false statements...." [Doc. 35 at 3]. The conspiracy is alleged to have begun by February 16, 2001, and continued until at least April 26, 2012. [Id.]. Under "Manner and Means," Count One alleges that Defendant filed family-based visa applications on behalf of aliens based upon fraudulent marriages to United States citizens, submitting fraudulent supporting documentation and arranging transport to facilitate the marriages. [Id. at 3-4].

Count Two charges Defendant with conspiracy to harbor aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (B)(i). Defendant and his co-conspirators are alleged to have conspired beginning on

2

February 16, 2001, and continuing until at least April 26, 2012, to violate the law by encouraging and inducing aliens to come to, enter, and reside in the United States, for commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such coming to, entry, and residence was in violation of law. [Id. at 8-9]. Count Two incorporates the allegations of Count One and Counts Three-101, which include 50 substantive counts of violation of 18 U.S.C. § 1546(a) and 49 counts of violation of the alien harboring statute, 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II) and (B)(i).

As stated above, Counts Three-52 charge 50 separate substantive counts under the visa fraud statute, 18 U.S.C. § 1546, and Counts 53-101 charge 49 separate substantive counts under the alien harboring statute, 8 U.S.C. § 1324(a).

### III.
### Discussion

A. Statute of Limitations

"In a conspiracy prosecution brought under § 371 the government in order to avoid the bar of the limitation period of § 3282 must show the existence of the conspiracy within the five years prior to the return of the indictment, and must allege and prove the commission of at least one overt act by one of the conspirators within that period in furtherance of the conspiratorial agreement."

3

United States v. McNair, 605 F.3d 1152, 1213 (11th Cir. 2010) (quoting United States v. Davis, 533 F.2d 921, 926 (5th Cir. 1976). "By contrast, for 'conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period.'" Id. (quoting United States v. Gonzalez, 921 F.2d 1530, 1548 (11th Cir. 1991)).

Defendant argues that "Counts One and Two must be dismissed for failure to sufficiently allege conspiracies within the appropriate statute of limitations." [Doc. 50 at 10]. The argument appears to be that, even though the indictment alleges that the conspiracies commenced on or before February of 2001 and continued through April of 2012, no conduct is alleged to have occurred in furtherance of either conspiracy after February of 2001 until December 3, 2007, more than five years later. Thus, Defendant argues that any such conspiracy must have ended and is barred by the statute of limitations. [Id. at 8].

"A conspiracy is considered a discrete crime for statute of limitations purposes.  For a conspiracy prosecution to be barred by the statute of limitations, the time between the conspiracy's end, or the defendant's affirmative withdrawal, and the indictment must be longer than the statutory limitations period." United States v. Adams, 1 F.3d 1566, 1581 (11th Cir. 1993).   The flaw with

Defendant's argument is that the indictment does not affirmatively demonstrate that any conspiracy under either statute had ended outside of the five year limitations period, or that Defendant had affirmatively withdrawn. Absent such a showing, "the conspiracy prosecution may proceed, and evidence of any acts in furtherance of the conspiracy are admissible even if they occurred longer than the statutory period before the indictment." Id. at 1582.

In this case, the government has alleged overt acts in Counts Three through 101 all of which appear to have occurred within the five year limitations period. Whether the government will be able to prove the existence of the conspiracies continuing into the limitations period is not the issue. It suffices for the purposes of this motion that the government has made sufficient allegations of a continuing conspiracy falling within the statute. The motion to dismiss based upon the statute of limitations should, therefore, be **DENIED**.

B. Sufficiency of the Indictment

Although the theory of Defendant's attack on Counts One and Two is somewhat obscured by the lack of clarity of Defendant's discussion, it appears to be Defendant's position that certain factual allegations pertinent to Count Two are inconsistent with, or contradict, the allegations in Count One, requiring dismissal. As construed by Defendant, "Count One deals with unlawfully aiding

5

aliens legally in the country to extend their stay; while Count Two alleges a conspiracy to enable the same 'aliens' to illegally enter the country for financial gain." [Doc. 50 at 11]. Defendant argues from this observation that the government is pursuing two inconsistent and mutually exclusive factual theories "at the core of the prosecutor's case," in violation of Defendant's right to Due Process and a fair trial. [Id. at 18].

Defendant strives mightily to spin out his theory of constitutional wrong arising from factual contradictions in the two counts, but without meritorious or convincing results. In essence Defendant is mounting an attack on the sufficiency of the indictment in Counts One and Two.[1]  In that regard, Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  Whether an indictment is sufficient is a question of law.  "An indictment is sufficient if

---

[1] Defendant includes Counts Three through 101 in his challenge but when all the verbal fog is removed from the discussion, there really has not been any argument or rationale stated for dismissal of these substantive counts brought under the visa fraud and alien harboring statutes.  The only mention of these counts in the motion appears in footnote 1, and then only by way of an observation that substantive counts 53–101 — charging alien harboring — allegedly contradict allegations made in Count One, which charges visa fraud. The final prayer for relief in the motion also fails to include dismissal of the substantive counts, even though the motion nominally asks for such relief in the title. See [id. at 20].

it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Wayerski, 624 F.3d 1342, 1349 (11th Cir. 2010)(quoting United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002)); United States v. McNair, 605 F.3d 1152, 1185 (11th Cir. 2010).

In "analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations." Wayerski, 624 F.3d at 1349 (quoting United States v. Poirier, 321 F.3d 1024, 1029 (11th Cir. 2003). "It is well established in this Circuit that an indictment is sufficient if it tracks the language of the statute and provides a statement of facts that gives notice of the offense to the accused." McNair, 605 F.3d at 1186.

As discussed above, Count One of the indictment charges Defendant with conspiracy to commit visa fraud in violation of 18 U.S.C. § 1546. Under "Objects of the Conspiracy," the indictment tracks the language of the statute charged, 18 U.S.C. § 1546(a). As far as facts are concerned, Count One sets forth in detail the nature of the alleged scheme, in which it is alleged that Defendant

7

conspired to violate the statute by submitting false visa applications for aliens based upon marriages to United States citizens that were not bona fide marriages, in connection with which Defendant would sign applications as a petitioning spouse and provide fraudulent supporting documentation. [Doc. 35 at 4]. Overt acts are set forth with respect to six particular aliens who participated with Defendant, and other alleged overt acts are incorporated by reference. [Id. at 4–8]. There is no question that the facts alleged give sufficient notice of the offense charged in the statute.

Defendant has not argued that the indictment omitted any of the essential elements of the offense charged under 18 U.S.C. § 1546. Nor has Defendant argued that this indictment is insufficient to protect Defendant from multiple prosecutions in violation of the Double Jeopardy Clause.

Likewise, Count Two is sufficient. Count Two charges Defendant with conspiracy to harbor aliens in violation of 8 U.S.C. § 1324(a) using the statutory language, alleging that Defendant conspired to violate the statute for commercial advantage and gain by encouraging and inducing aliens "to come to, enter, and reside[2] in the United

---

[2] The harboring statute actually recites these three alternatives in the disjunctive, using "or," rather than conjunctively, using "and."

8

States, knowing and in reckless disregard for the fact that such coming to, entry and residence was and would be in violation of the law." [Id. at 8-9]. Factually, this count incorporates the visa fraud allegations of Count One and the specific substantive charges of visa fraud and alien harboring set forth in Counts Three through 101. These factual allegations appear to be sufficient to notify Defendant of the nature and basis for the charges and to defend against any threat of double jeopardy. Contrary to Defendant's argument, the factual allegations to the effect that Defendant engaged in visa fraud, with the incidental effect of encouraging or inducing an alien or aliens to come to, enter, or reside in the United States, are not inconsistent with the charges of harboring contained in Count Two — by encouraging and inducing aliens to reside in the United States.

In sum, it is my conclusion that Counts One and Two of the indictment are sufficiently pleaded under Rule 7(c) and should not be dismissed. Both counts set forth all material elements of the offenses and provide sufficient facts to give more than ample notice of the charges. The factual allegations in the respective counts are not unconstitutionally inconsistent or contradictory. Defendant is protected under these allegations from multiple prosecutions in violation of the Double Jeopardy Clause. Accordingly, the motion to

dismiss the conspiracy counts in Counts One and Two, and any of the other substantive counts,[3] should be **DENIED**.

C. Strike Surplusage

Defendant moves to strike as surplusage allusions to "fraudulent marriages" in the "Manner and Means" portions of Count One, on the grounds, in essence, that the marriages were not technically illegal, "whether or not the parties intended to continue the relationship after exchanging their vows," and that this description is irrelevant. [Doc. 50 at 18-19]. The government responds that the characterization of the marriages as fraudulent is accurate under the immigration law, and that the fraudulent nature of these marriage relationships is relevant to the charges in the indictment.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." In United States v. Awan, 966 F.2d 1415 (11th Cir. 1992), the Eleventh Circuit advised that:

> [a] motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a most exacting standard.' Therefore, it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence

---

[3] See note 1, supra.

10

>   that will establish the relevance of the allegedly surplus language.

Id. at 1426 (citing United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990)) (additional citations and brackets omitted); see also United States v. Brye, 318 Fed. App'x 878, 880 (11th Cir. 2009).

Thus, to prevail on a motion to strike surplusage, a defendant must show, first, that the contested portions of the indictment are irrelevant to the charged crimes, and, second, that the challenged language is unfairly prejudicial or inflammatory. Awan, 966 F.2d 1415 at 1426. Defendant has not made the required showing on either score. The fact is that the description of the marriages as "fraudulent" is consistent with the definition of "Marriage fraud" under the immigration statutes, see 8 U.S.C. § 1325(c), and is relevant to the factual background of the alleged visa fraud associated with these allegedly sham or "fraudulent" marriages. At minimum, this is a case where ruling should be reserved until evidence is heard that will elucidate the relevance of this allegedly surplus language.

Accordingly, the motion to strike reference to marriage fraud as surplusage should be **DENIED.**

## IV.
## Conclusion

11

For the reasons stated above in the discussion, I conclude that the motion to dismiss Counts One and Two based upon the statute of limitations should be **DENIED**. As for the motion to dismiss Counts One, Two, and Counts 53-101, it should likewise be **DENIED**, on the grounds that the charges are sufficiently pleaded under the applicable standards for sufficiency of indictments. I find no fatally inconsistent or contradictory factual allegations. Finally, I conclude that the motion to strike surplusage that refers to the marriages in this case as "fraudulent" should be **DENIED.** In short, the motion, [Doc. 50], should be **DENIED** in its entirety.

**SO REPORTED AND RECOMMENDED** this 12th day of March, 2013.

s/ *E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)