```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION


UNITED STATES OF AMERICA       :
                               :    CRIMINAL ACTION
         v.                    :
                               :    NO.: 1:12-CR-190-TWT-ECS
REX ANYANWU                    :
                               :
```

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on Defendant's motion to suppress evidence filed November 21, 2012. [Doc. 51]. The government's response was filed on March 20, 2013, [Doc. 72], and no reply was filed within the time permitted thereafter. The motion is therefore ready for a report and recommendation to the district judge. The unresolved portions of the motion seeks to suppress evidence seized from the search of the business offices of Georgia 1 Stop Financial Group ("Georgia 1 Stop") located at 8311 Office Park Dr., Suite G, Douglasville, Georgia, and a black 1996 Mercedes-Benz

S4 20 tag BST 3337.[1]  Both of these searches were accompanied by search warrants.

## II.
## The Issues

Defendant seeks to suppress all evidence seized pursuant to the two search warrants.  Defendant challenges the seizure of two Global Positioning System ("GPS") navigation devices, a cell phone, and various documents from the Mercedes. [Doc. 51 at 7].  Defendant argues that the affidavit presented in support of the warrant for the Mercedes did not identify the navigation devices specifically as items to be seized and did not set forth probable cause for the belief that any such devices would be therein, or would be subject to seizure as having any nexus with the alleged offenses. [Doc. 51 at 30-31].

With regard to the search warrant for the business offices at Georgia 1 Stop, Defendant asserts that the search warrant application

---

[1] The motion also challenges the search of a Nissan Pathfinder that occurred at Defendant's place of residence and was purportedly authorized by consent given by Defendant's wife.  This aspect of the motion was resolved by report and recommendation to the District Judge filed March 18, 2013, recommending that the motion to suppress the search of the Defendant's residence based on the same consent by his wife be **GRANTED**. See [Doc. 70 at 20], adopted at [Doc. 75]. To the extent that the search of the Nissan has not been specifically addressed, **IT IS RECOMMENDED** that the motion to suppress the search of the Nissan be **GRANTED**, for the reasons set forth in the previous Report and Recommendation. See [Doc. 70 at 20].

is deficient due to its failure to state the basis of knowledge and experience of the agent, [Doc. 51 at 33]; the veracity and basis of knowledge of the cooperating and other witnesses, [Doc. 51 at 34-35]; and the lack of a basis for the belief that any particular computer subject to seizure might be found on the premises, [Doc. 51 at 37-39]. Therefore, per Defendant, the application lacked probable cause for the issuance of the search warrant for the offices.

### III.
### The Issuance and Execution of the Warrants

The two search warrants were issued by United States Magistrate Judge Russell Vineyard on May 21, 2012, based upon a 19-page affidavit presented by Kevin Heerlein, a special agent with the Department of Homeland Security Investigations, in support of both warrants. [Docs. 51-1 at 7, 51-2 at 7]. The warrants were executed on May 22, after Defendant had been arrested at his home on a warrant for his arrest on charges related to the subject matter of the search warrants. The circumstances surrounding his arrest are set forth in detail in my Report and Recommendation filed March 18, 2013, in this matter recommending that Defendant's motion to suppress evidence seized during a warrantless search of Defendant's residence be granted. See [Doc. 70], adopted by [Doc. 75].

The black Mercedes identified in one of the warrants was located at Defendant's residence when it was searched pursuant to the search

3

warrant. As noted above, the officers seized two GPS navigation devices, a cell phone, and various documents. [Doc. 51 at 7]. Under authority of the second warrant, the agents also searched the offices of Georgia 1 Stop, located in Douglasville, Georgia.

**IV.**
**Applicable Law**

**A. Probable Cause**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. Probable cause is a "fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). To establish probable cause, the affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted). Probable cause determinations are traditionally informed by a totality of the circumstances analysis. Gates, 462 U.S. at 238.

In this case, the affidavit relied in part upon information obtained from cooperating witnesses. The veracity and basis of

4

knowledge of such witnesses are "relevant considerations in the totality of the circumstances," and "a deficiency in one may be compensated for . . . by a strong showing as to the other." United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999) (quotations omitted). "An explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the CI's] tip to greater weight than might otherwise be the case." Id. (quotations omitted). "[W]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." Martin, 297 F.3d at 1314 (internal quotation omitted). "[C]orroboration of an informant's tip can also occur by 'creating circumstances under which [the informant] is unlikely to lie.'" Brundidge, 170 F.3d at 1353 n.1 (quoting United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995)). Similarly, statements against penal interest — admissions of crime — "carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search." United States v. Harris, 403 U.S. 573, 583 (1971); see also United States v. Farese, 612 F.2d 1376, 1378 (5th Cir. 1980).

Ultimately, the task of the magistrate issuing a warrant is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay

5

information, there exists a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238.

**B. Scope of the Warrant**

"General warrants, allowing a general, exploratory rummaging in a person's belongings, are prohibited by the requirement of a particular description of the things to be seized." United States v. Haimowitz, 706 F.2d 1549, 1558 (11th Cir. 1983) (citations and internal quotations omitted). Accordingly, the police generally must not exceed the terms of the authorizing warrant when conducting a search. "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." Marron v. United States, 275 U.S. 192, 196 (1927). Evidence seized in excess of the scope of a search warrant may be suppressed. United States v. Foster, 100 F.3d 846, 849-52 (10th Cir. 1996); United States v. Fuccillo, 808 F.2d 173, 177-78 (1st Cir. 1987); United States v. Coleman, 805 F.2d 474, 483 (3d Cir. 1986).

**C.  The Plain View Doctrine**

Under the plain view doctrine, three conditions must be satisfied to justify a seizure.  First, the officers must show that they "did not violate the Fourth Amendment in arriving at the [p]lace from which the evidence could be plainly viewed." Horton v.

6

<u>California</u>, 496 U.S. 128, 136-37 (1990). Secondly, the officers must have had a lawful right of access to the evidence itself. <u>Id.</u> Finally, the incriminating character of the evidence seized must have been "immediately apparent." <u>Id.</u>

**D.   Good Faith under <u>Leon</u>**

In <u>United States v. Leon</u>, 468 U.S. 897 (1984), the Supreme Court held that evidence need not be suppressed where law enforcement officers act in the "objectively reasonable belief that their conduct does not violate the Fourth Amendment." <u>Id.</u> at 918.  Thus, when an officer has in good faith obtained a search warrant from a judge or magistrate and acted within its scope, "there is no police illegality and thus nothing to deter," even where the the warrant is later found to lack probable cause. <u>Id.</u> at 920-22.  In <u>Leon</u>, therefore, the Court carved out an exception to the exclusionary rule for evidence obtained in such a search. <u>See</u> <u>id.</u> at 926.

"The 'good faith inquiry is confined to the objectively ascertainable question whether a reasonably trained officer would have known that the search was illegal despite the magistrate's authorization.  In making this determination, all of the circumstances . . . may be considered.'" <u>United States v. Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990) (quoting <u>Leon</u>, 468 U.S. at 922 n.23).  The good faith exception does not, however, extend to cases

7

where the police have no reasonable grounds for believing that the warrant was properly issued.

The Supreme Court in Leon identified four situations in which reliance by the police on a warrant would not be objectively reasonable:

> (1) when the judge issues the warrant on a deliberately or recklessly false affidavit;
>
> (2) when the judge wholly abandons his judicial role;
>
> (3) when a warrant is issued on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or
>
> (4) when the warrant is so facially deficient that an officer could not reasonably presume it to be valid.

Leon, 406 U.S. at 923; Taxacher, 902 F.2d at 871. A fifth situation has been recognized when police recklessly maintain or knowingly enter false information into a warrant database to enable future arrests. See Herring v. United States, 555 U.S. 135, 145 (2009).

## V.
## The Law Applied

**A. Probable Cause and the Scope of the Warrant**

After careful review, I conclude that the affidavit of Agent Heerlein sets forth probable cause to search the Mercedes and the business offices at Georgia 1 Stop for the items specified in the search warrants. The basis of knowledge as to both the agent and the cooperating witnesses is revealed sufficiently in the affidavit. The

8

affidavit also relates the background of the investigation and sets forth details regarding the evidence obtained from co-operating witnesses.  This evidence ties Defendant in multiple ways with the alleged sham marriages and other fraudulent activities described by these witnesses.  Details corroborating the information of the cooperating witnesses are provided, including the location of Defendant's office where the business was sometimes conducted and a description of the Mercedes automobile utilized by Defendant in connection with his multiple meetings with the cooperating witnesses. These and other details support a finding that the witnesses' evidence could be accepted as reliable.

The co-operating witnesses provided significant details regarding their meetings with Defendant over the course of a number of encounters for the purpose of engaging in illegal activities.  One witness produced a business card and another produced a handwritten fee schedule detailing the schedule of fees for the Defendant's services relating to the immigration fraud.  Others identified the Mercedes as driven by Defendant when they met with him.  Another co-operating witness met with Defendant at the business offices under the surveillance of the agents.  The details of this meeting are set forth in the affidavit.  Suffice it to say that the affidavit is more than sufficient to support a finding of probable cause to search the offices and the automobile and to seize evidence of the offenses

charged as described in the warrants, including documents and cell phones.

Likewise, the affidavit sets forth a sufficient basis to authorize the search and seizure of any computers that might be found at Defendant's offices at the search location. In that regard, there was a showing of probable cause to believe that computers were used at Defendant's place of business to prepare documents utilized in furtherance of the illegal activities charged as immigration and document fraud. See United States v. Khanani, 502 F.3d 1281, 1290 (11th Cir. 2007) (sufficient allegations for probable cause to seize computers from business). It was not required that the warrant be any more particular in describing the specific computers that might have been used, where the officers could not know exactly what computers were in the premises that might have been used. See United States v. Santarelli, 778 F.2d 609, 614-16 (11th Cir. 1985).

As for the seizure of the GPS navigation devices, Defendant has raised a more viable claim. The warrant for search of the Mercedes does not describe the navigational devices in its description of items to be seized, either specifically or generally. "Computers" and any other storage media "that may have been used as a means to create or store documents, communications or evidence relating to the arranging of fraudulent or sham marriages" are described in the warrant, but this description does not encompass GPS devices.

10

The closest the warrant comes to describing GPS devices is stated by the following: "[A]ll computer or electronic media, to include cell phones or smartphones, that were or may have been used as a means to commit the offenses." But it nevertheless is difficult to see how a GPS device could be considered a device used "as a means to commit the offenses" in this case. At most, such devices might contain a record of the movements of the vehicle which might, in turn, corroborate other evidence of illegal activities at a given time and place related to the charged offenses. The warrant, however, did not seek such evidence or describe these items. Thus, seizure of the GPS devices would not fall within the scope of items permitted to be seized under the warrant and could not be seized thereunder, unless some other justification is available for their seizure.

**B.  The Plain View Doctrine**

The plain view doctrine would be another basis to justify seizure and search of the GPS devices. The 'plain view' doctrine permits a warrantless seizure where (1) an officer is lawfully located in the place from which the seized object could be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the incriminating character of the item is immediately apparent. <u>Horton</u>, 496 U.S. at 136-37; <u>United States v. Smith</u>, 459 F.3d 1276, 1290 (11th Cir. 2006). For the incriminating

11

character to be "immediately apparent," the officers must have probable cause to believe that the object in plain view is contraband. Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) ("If ... the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object — i.e., if its incriminating character [is not] 'immediately apparent,' — the plain-view doctrine cannot justify its seizure." (quoting Horton, 496 U.S. at 136) (additional citations omitted)). In this case, the GPS devices were not contraband, but were merely evidence. Nevertheless, mere evidence is covered by the plain view doctrine. "[T]he scope of the 'plain view' doctrine extends to the seizure of items that, while not contraband themselves, may be used as evidence against a defendant. Smith, 459 F.3d at 1293 (citing United States v. Ladson, 774 F.2d 436, 439 (11th Cir. 1985) (stating that, for the plain view exception to apply, "it must have been immediately apparent that the item was *evidence*, contraband or otherwise subject to seizure" (emphasis added)).

In this case, Defendant does not contest that the officers were lawfully located where they could plainly view the GPS devices when they searched the automobile under the search warrant. Furthermore, it likewise appears that the officers, through their collective knowledge of the case, had probable cause to believe that the GPS devices would contain data that would show the movements of the

12

vehicle, which, in turn, would corroborate other evidence of Defendant's alleged illegal conduct in traveling to and from meetings where the fraudulent activity was carried on. Thus, although the GPS devices are not contraband, and were not included within the scope of the search warrants, there nevertheless was probable cause upon which the officers could have obtained a warrant to seize and search the devices for evidence of the crimes charged. Under these circumstances, the evidentiary nature of the GPS devices would be considered "immediately apparent," warranting seizure under the plain view doctrine.

**C.   Good Faith under Leon**

The only exception to the Leon good faith doctrine that might possibly apply in this case would arise where a warrant is issued on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 406 U.S. at 923. From the discussion above, it is apparent that this exception does not apply here. The affidavit set forth ample probable cause to support the issuance of the warrants.

## VI.
## Recommendations and Conclusion

In summary, I conclude that the motion to suppress evidence seized under the search warrants for the black Mercedes and the business premises at Georgia 1 Stop should be **DENIED**. The motion to

13

suppress the search of the Nissan Pathfinder should also be **DENIED**. See Note 1, supra at page 2.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED AND RECOMMENDED**, this 15th day of May, 2013.

>s/ *E. Clayton Scofield III*
>E. Clayton Scofield III
>UNITED STATES MAGISTRATE JUDGE