IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL FILE NO. |
| v. | 1:12-CR-190-TWT |
| REX ANYANWU, | |
| Defendant. | |

**ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 154] of the Magistrate Judge recommending denying the Defendant's Motion to Vacate Sentence [Doc. 145]. The Defendant objects to the Report and Recommendation on the grounds that Magistrate Judge Anand was employed as an Assistant United States Attorney prior to his appointment as a Magistrate Judge. The law is clear. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case.[1] In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an

---

[1] Mangum v. Hargett, 67 F.3d 80, 83 (5th Cir. 1995).

attorney on the matter."[2] Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated."[3] "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case."[4] As the Magistrate Judge was not involved in this case to the best of his recollection, recusal was not required. For the reasons set forth in the thorough and well-reasoned Report and Recommendation, the Defendant's claims of ineffective assistance of counsel are without merit.  There is no chance that the Government would have made the Defendant a plea offer that he would have accepted.  The evidence of his guilt was overwhelming.   The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Vacate Sentence [Doc. 145] is DENIED.  No Certificate of Appealability will be issued.

---

[2]  United States v. Champlin, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005).

[3]  Id. (citing United States v. Ruzzano, 247 F.3d 688, 695 (7th Cir. 2001)) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); Mangum, 67 F.3d at 83 (same); Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993) (same).

[4]  Champlin, 388 F. Supp. 2d at 1181; United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999); United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988).

SO ORDERED, this 28 day of July, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge